IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

PABLO TORRES-FLORES,             )
                      )
         **Plaintiff,**          )
                      )
**vs.**                      )          Case No. 16−cv−1253−SMY
                      )
**THOMAS A. SPILLER,**        )
**MICHAEL D. SCOTT, and**     )
**WEXFORD HEALTH SOURCES, INC.**  )
                      )
         **Defendants.**

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Pablo Torres-Flores, an inmate in Pickneyville Correctional Center, brings this

action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983.   Plaintiff

requests injunctive relief and monetary damages. This case is now before the Court for a

preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening** – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal** – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> > (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> > (2) seeks monetary relief from a defendant who is immune from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact."

*Neitzke v. Williams*, 490 U.S. 319, 325 (1989).   Frivolousness is an objective standard that refers

to a claim that any reasonable person would find meritless. *Lee v. Clinton,* 209 F.3d 1025, 1026-

27 (7th Cir. 2000).  An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  The claim of entitlement to relief must cross "the line between possibility and plausibility."  *Id*. at 557.  At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed.  *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

Upon careful review of the Complaint and any supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A; portions of this action are subject to summary dismissal.

## The Complaint

On March 8, 2014, Plaintiff was working at Pickneyville's Dietary Department dish room when he slipped and fell and hit his head and right hand.  (Doc. 1, p. 5).  Plaintiff received x-rays on March 14, 2014 which showed no facture or dislocation.  *Id.*  Prior to Plaintiff's accident, Defendant Spiller and other dietary department staff had been made aware from prisoner complaints that the dish room floors were slick due to the accumulation of discarded food items and water mixing and that the rubber boots provided to the inmate workers were not sufficiently slip resistant.  (Doc. 1, p. 5).

Since the accident, Plaintiff suffers from extreme pain and a poor grasping reflex in his right hand.  (Doc. 1, p. 6).  Plaintiff's symptoms were presented on collegial review on January 13, 2016, but referral to a specialist was denied by Defendant Scott.  *Id.*

## Discussion

Based on the allegations of the Complaint, the Court finds it convenient to divide the pro se action into 2 counts.  The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court.

> **Count 1 –** Scott and Wexford were deliberately indifferent to Plaintiff's continued pain and poor grasping reflexes when they denied him referral to an outside specialist on January 13, 2016.

> **Count 2 –** Defendant Spiller violated the Eighth Amendment when he refused to address inmate complaints regarding the slick floor in the dish room.

Count 1 survives threshold review.  However, for the reasons stated below, the claims in Count 2 must be dismissed.

## Count 1

In order to state a clam for deliberate indifference to a serious medical need, an inmate must show that he 1) suffered from an objectively serious medical condition; and 2) that the defendant was deliberately indifferent to a risk of serious harm from that condition.  An objectively serious condition includes an ailment that has been "diagnosed by a physician as mandating treatment," one that significantly affects an individual's daily activities, or which involves chronic and substantial pain.  *Gutierrez v. Peters*, 111 F.3d 1364, 1373 (7th Cir. 1997). "Deliberate indifference is proven by demonstrating that a prison official knows of a substantial risk of harm to an inmate and either acts or fails to act in disregard of that risk.

Delaying treatment may constitute deliberate indifference if such delay exacerbated the injury or unnecessarily prolonged an inmate's pain." *Gomez v. Randle*, 680 F.3d 859, 865 (7th Cir. 2012) (internal citations and quotations omitted); *see also Farmer v. Brennan*, 511 U.S. 825, 842 (1994). However, the Eight Amendment does not give prisoners entitlement to "demand

specific care" or "the best care possible," but only requires "reasonable measures to meet a substantial risk of serious harm." *Forbes v. Edgar*, 112 F.3d 262, 267 (7th Cir. 1997).

Plaintiff has adequately stated a claim for deliberate indifference against Scott. Plaintiff has alleged that he suffered from pain and reduced function in his hand since the accident. He has alleged that he needs outside treatment to address these issues. Plaintiff further alleges that Scott denied him treatment because his injury did not interfere with an incarcerated person's daily activities and thus does not meet "medical necessity for repair." (Doc. 1, p. 6). It is unclear from the Complaint what standard Scott was referencing, but as Plaintiff has alleged that his pain and suffering is unnecessary and because it appears from the brief quotation in the record that Scott did not consider Plaintiff's pain, Plaintiff's deliberate indifference claim against Scott will proceed at this time.

However, Plaintiff's claim against Wexford Health Sources must be dismissed without prejudice. For purposes of § 1983, the courts treat "a private corporation acting under color of state law as though it were a municipal entity." *Jackson v. Ill. Medi–Car, Inc.,* 300 F.3d 760, 766 n.6 (7th Cir. 2002). Wexford will be treated as a municipal entity for this suit. "[T]o maintain a § 1983 claim against a municipality, [a plaintiff] must establish the requisite culpability (a 'policy or custom' attributable to municipal policymakers) and the requisite causation (the policy or custom was the 'moving force' behind the constitutional deprivation)." *Gable v. City of Chicago,* 296 F.3d 531, 537 (7th Cir. 2002) (*quoting Monell v. Dep't of Social Servs.,* 436 U.S. 658, 691 (1978)).

Here, Plaintiff has alleged that Wexford and Scott entered into an agreement to deny Plaintiff proper medical care, but that is insufficient to establish liability as to Wexford. Plaintiff has not alleged that Wexford had an unconstitutional policy or custom. In the absence of an

4

unconstitutional policy or custom that caused the deprivation, Wexford cannot be held responsible.  Accordingly, the Court will dismiss Wexford without prejudice at this time.

### Count 2

Count 2 must be dismissed with prejudice.  The Seventh Circuit has previously held that a wet staircase, without more, is not sufficient to invoke the Eighth Amendment.  *Pyles v. Fahim*, 771 F.3d 403, 410 (7th Cir. 2014).  The Seventh Circuit also later defined "more" by finding that a prisoner had adequately stated a conditions of confinement claim where he alleged that he was forced to walk down a staircase strewn with garbage and milk while handcuffed and fell after he futilely asked the guards for help navigating the obstacles.  *Anderson v. Morrison*, 835 F.3d 681, 682-83 (7th Cir. 2016).

Plaintiff's situation is more analogous to the situation described in *Pyles* than in *Anderson.*  As was the case in *Pyles*, Plaintiff is complaining about slipping on an unavoidably wet floor.  In *Pyles* the floor was wet because it was adjacent to the shower area.  Here, the floor was wet because dishes were being washed.  Also in this case, Plaintiff slipped on a flat surface, not a flight of stairs as in *Anderson*.  Plaintiff was also not handcuffed and not ordered to use a particular route.  Based on these facts, Plaintiff's Complaint does not provide the "more" that distinguishes *Anderson* from *Pyles*.

Moreover, Prisons are not required to provide a "maximally safe environment."  *Carroll v. DeTella*, 255 F.3d 470, 472 (7th Cir. 2001).  They must act to prevent "unreasonable peril" or address "preventable, observed hazards that pose a significant risk of severe harm to inmates." *Anderson*, 835 F.3d at 683; *see Withers v. Wexford Health Sources, Inc.*, 710 F.3d 688, 689 (7th Cir. 2013); *Smith v. Peters*, 631 F.3d 418, 420 (7th Cir. 2011).  A wet floor caused by inmate

workers washing dishes is not the kind of unreasonable peril that offends the Constitution. Therefore, **Count 2** will be dismissed with prejudice.

**Pending Motions**

As Plaintiff has been granted leave to proceed in forma pauperis, (Doc. 6), the Court will automatically serve Defendant. Plaintiff's Motion for Service is therefore **MOOT**. (Doc. 3).

**Disposition**

**IT IS HEREBY ORDERED** that Plaintiff's **Count 1** survives threshold review against Michael D. Scott. Wexford Health Sources is **DISMISSED without prejudice** from **Count 1**. **Count 2** is **DISMISSED with prejudice**.

The Clerk of Court shall prepare for Defendant **Scott**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to Defendant's place of employment as identified by Plaintiff. If Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on Defendant, and the Court will require Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If the Defendant cannot be found at the address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file, nor disclosed by the Clerk.

Plaintiff shall serve upon Defendant (or upon defense counsel once an appearance is

6

entered), a copy of every further pleading or other document submitted for consideration by the Court.  Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of any document was served on Defendant or counsel.  Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendant is **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to **United States Magistrate Judge Reona J. Daly** for further pre-trial proceedings.

Further, this entire matter is hereby **REFERRED** to **United States Magistrate Judge Reona J. Daly** for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

DATED: January 4, 2017.

s/ STACI M. YANDLE
United States District Judge
