**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

PABLO TORRES-FLORES,

        Plaintiff,

  v.

MICHAEL D. SCOTT,

        Defendant.

Case No. 3:16-cv-01253-JPG-RJD

<u>**MEMORANDUM AND ORDER**</u>

This matter comes before the Court on the Report and Recommendation ("Report") (Doc.
28) of Magistrate Judge Reona J. Daly with regard to the defendants' motion for summary
judgment (Doc. 21). The Court may accept, reject, or modify—in whole or in part—the findings
or recommendations of the magistrate judge in a report and recommendation. FED. R. CIV. P.
72(b)(3). The Court must review *de novo* the portions of the Report to which objections are
made. *Id.* "If no objection or only partial objection is made, the district court judge reviews
those unobjected portions for clear error." *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th
Cir. 1999).

Plaintiff Torres-Flores cannot fully extend one of the middle fingers on his right hand,
and he brought this Eighth Amendment claim against defendant Scott for allegedly being
indifferent to his medical needs. Basically, Magistrate Judge Daly recommends that the Court
grant Scott's motion for summary judgment because Torres-Flores has failed to present sufficient
evidence that the issue with his finger is an objectively serious medical condition. *See Hayes v.
Snyder*, 546 F.3d 516, 522-23 (7th Cir. 2008) (describing what constitutes an objectively serious
condition). The medical staff in this case determined that the finger problem did not constitute a
serious medical need, a conclusion which is plainly apparent from Torres-Flores's deposition: he

testified that he is able to do numerous activities with his right hand without issue, including shaving, writing, preparing meals, going to the gym, delicately and precisely operating a sewing machine at his work assignment at the prison, and more. (Torres-Flores Dep. 51:8–52:12, 15:7-22, 16:1-7, 11-24, ECF No. 22-4.) Torres-Flores also testified that his primary issue is not with any ongoing pain, but is rather with his finger "locking up" at times. (*Id.* at 29:21-23.)

Torres-Flores has filed an objection to Magistrate Judge Daly's Report. He states therein that he has a serious medical need because he "cannot normally use his right hand while shaving, cooking[,] eating, writting [sic][,] or working at his institutional job assignment and instead has to compensate with the use of other fingers." (Doc. 29.) He also claims that he is "caused great pain" when trying to normally use his third finger to accomplish these tasks. (*Id.*) This plainly contradicts what Torres-Flores said at his deposition, and the Court will not assume that he committed perjury at that proceeding. Accordingly, Magistrate Judge Daly's analysis on that matter survives a *de novo* review, and the Court:

- **ADOPTS** the Report in its entirety (Doc. 28);

- **OVERRULES** plaintiff Torres-Flores's objections (Doc. 29);

- **GRANTS** defendant Scott's motion for summary judgment (Doc. 21);

- **DISMISSES** this case **WITH PREJUDICE**; and

- **DIRECTS** the Clerk of Court to enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED:  MAY 8, 2018**

<u>**s/ J. Phil Gilbert**</u>
**J. PHIL GILBERT**
**DISTRICT JUDGE**